**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **MARILYN WISNIEWSKI** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.** _____ |
| | ) |
| **THE INDIVIDUAL MEMBERS OF THE LAKE** | ) |
| **COUNTY BOARD OF COMMISSIONERS, in their** | ) |
| **Official capacity; PEGGY HOLINGA KATONA,** | ) |
| **In her official capacity as Lake County Auditor; and** | ) |
| **RANDY WYLLIE, in his official capacity as Counsel** | ) |
| **to the Lake County Auditor.** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**AND CHALLENGE TO CONSTITUTIONALITY**
**OF LAKE COUNTY ORDINANCE 1449B**

**Introduction**

1.      Plaintiff MARILYN WISNIEWSKI is a Lake County resident who registered and paid a fee to bid on properties offered for sale by the Lake County Commissioners at the 2023 Lake County Commissioners' tax sale.

2.      The 2023 Lake County Commissioners tax sale, sometimes referred to as a Certificate Sale, was conducted to sell tax-delinquent real estate parcels that did not sell in an annual Treasurer's tax sale. The Commissioners set the price of the property.  The sale is conducted much like a Treasurer's tax sale and is administered by a third party contractor, Onyx Electronics, which partners with governmental entities to conduct auctions to collect delinquent property taxes.

3.      Under Indiana law, if a tax delinquent parcel fails to sell at "Treasurer's sale", then the County Commissioners are given a "certificate", allowing the County Commissioners to offer the property at a "Commissioner's Sale", sometimes referred to a "Certificate Sale".

4.      In Lake County, the County Board of Commissioners is issued a tax sale certificate for all properties where the tax lien was not sold at the County Treasurer's Tax Sale. The Lake County Commissioners are awarded the same rights as a lien buyer. However, the Lake County Commissioners do not pay any money for the tax sale certificate.

5.      Indiana Code section 6-1.1-24-6.1 authorizes the Lake County Commissioners to sell the tax sale certificates for those unsold parcels at a public sale for an amount that is less than the amount required and offered at the prior County Tax Sale. The Commissioners establish a discounted minimum bid for each parcel in a Resolution. The approved item list and reduced minimum bids are then published for three (3) consecutive weeks in the local newspaper(s) at least thirty (30) days prior to the "Commissioners' Certificate Sale", also known in this instance as the 2023 Lake County Commissioners' tax sale.

6.      Indiana Code section 6-1.1-24-5.1 precludes an Indiana business entity, and its agents, from bidding at a Commissioners' Certificate Sale without a certificate of good standing or proof of registration in accordance with I.C. 5-23 from the secretary of state to the county treasurer.  That prohibition is inapplicable to Plaintiff.

7.      Indiana Code section 6-1.1-24-5.3 precludes certain persons from bidding at a Commissioners' Certificate Sale; however, none of the state law prohibitions apply to Plaintiff.

8.      In addition to the prohibitions set forth in Indiana law, Lake County has passed an Ordinance, Ordinance 1449B, which purports to disqualify bidders for reasons not set forth in

Indiana law.  A true and correct copy of Lake County Ordinance 1449B is attached hereto and incorporated herein as Exhibit A.

9.      At the 2023 Lake County Commissioners' Certificate Sale, which closed on May 12, 2023, Plaintiff was the successful bidder on Two Hundred and Eighty-four (284) parcels of real estate. Plaintiff paid a total of Four Hundred and Twenty-six Thousand, Two Hundred and 00/100 Dollars ($426,200.00) on May 13, 2023, to satisfy her successful bid, and under Indiana law, she should have been issued a "certificate of sale" for each of the 284 parcels she acquired, which is the superior lien upon the parcels.

10.     Indiana Code section 6-1.1-24-9(a) provides that the Defendant Lake County Auditor "shall deliver a certificate of sale to the successful bidder [here, Plaintiff]. The certificate shall be signed by the auditor and registered in the auditor's office."

11.     Indiana Code section 6-11-24-9(b) provides "When a certificate of sale is issued under this section, the purchaser acquires a lien against the real property for the entire amount paid. The lien of the purchaser is superior to all liens against the real property which exist at the time the certificate is issued."

12.     As the successful bidder at the 2023 Lake County Commissioners' Certificate Sale, Plaintiff is entitled to a "certificate of sale" and automatically holds a lien created by Indiana statute against the two hundred and eighty-four (284) parcels.

13.     The Lake County Ordinance at issue, Lake County Ordinance 1449B is unconstitutional for the following reasons:

a)      the Ordinance creates a mechanism for a Lake County employee, acting under color of state law, to take property rights from Plaintiff, as the successful bidder, without due process of law;

b)      The Ordinance fails to properly designate the governmental official possessing the authority for "qualifying" or "disqualifying" a bidder;

c)      The Ordinance fails to include any process for appealing a disqualification determination; and,

d)      The Ordinance fails to require a decision on "disqualification" prior to the time at which the bidder receives a property interest in the Commissioners' Certificate Sale parcels.

14.    Appropriate injunctive and declaratory relief must issue.


**Jurisdiction and Venue**

15.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

17.    Declaratory relief is authorized by Federal Rule of Civil Procedure 57 and by 28 U.S.C. §§ 2201, 2202.

18.    This case is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of property rights secured by the Constitution of the United States, as well as Article 1, Section 22, of the Indiana State Constitution.

**Parties**

19.    Plaintiff Marilyn Wisniewski is a citizen of the State of Indiana, residing in the Northern District of Indiana, Lake County, Indiana, and an eligible and successful bidder at the 2023 Lake County Commissioners' Certificate Sale.

20.    The Individual Members of the Lake County Board of Commissioners comprise the executive authority of Lake County Indiana.

21.     They are sued in their official capacities and are designated by their official titles pursuant to Federal Rule of Civil Procedure 17(d).

22.     The Lake County Auditor is the duly elected chief accountant or controller of Lake County, Indiana, and is responsible for keeping all ledgers and records affecting county funds, and seeing that such funds are received and disbursed in the manner according to law.

23.     The Auditor is sued in her official capacity and is designated by her official title pursuant to Federal Rule of Civil Procedure 17(d).

24.     The attorney for the Auditor is appointed by the Auditor, apparently, to review bidder applications from citizens seeking to bid at the 2023 Lake County Commissioners' Certificate Sale.

25.     The Auditor was acting at all times under color of state law, as counsel for the Auditor and is designated by his official title pursuant to Federal Rule of Civil Procedure 17(d).

**Legal background**

26.     Lake County Ordinance 1449B creates a new qualification scheme for persons seeking to bid on properties with delinquent taxes offered for sale at the 2023 Lake County Commissioners' Certificate Sale.

27.     Specifically, in addition to the disqualification of certain persons or entities found in the Indiana Code, Lake County Ordinance 1449B provides that:

> 5.     Bidders may not bid *"ON BEHALF OF"* or *"AT THE DIRECTION OF"* any other person or entity. Bidders must bid on their own behalf and pay for the tax certificates on their own behalf. Bidders may not bid for other people/entities who owe delinquent taxes on any parcel - doing so constitutes fraud upon the Lake Circuit Court Tax Sale Process. Such a bid may also be in violation of I.C. 6-1.1-24-5.3. Any violation of the bidder contract or Indiana statutes will be grounds for the Auditor to vacate the subject tax sale and ban the offending bidder from all future tax sales.

6.      The name with which a tax sale bidder registers to participate in the. Tax sale is the name which will appear on the tax sale certificate and/or tax sale deed. Any documents filed with or picked up from the Auditor Tax Sale department must be filed or picked up by the bidder/buyer/certificate holder themselves or by their legal counsel.

7.      All assignments of a Commissioner tax sale certificate must be signed, notarized and filed with Auditor Tax Sale Department prior to the filing of a Verified Petition for Tax Deed with the Circuit Court. If the assignment is filed after the filing of the Verified Petition for Tax Deed, the tax deed shall be issued in the name of the original buyer.  Any attempted assignments to persons or entities that owe delinquent taxes or are otherwise ineligible to be bidders at tax sale shall be deemed null and void and subject the original buyer and assignee to be banned from future tax sales.

8.      All tax sale buyers must obtain a commercially-issued real estate title search on the parcel to properly identify anyone with a substantial property interest of public record in the parcel who must then be issued requisite statutory post-sale notices via certified mail.

9.      All tax sale buyers must have the tax certificate, title work and post-sale certified mail notices (I.C. 6-1.1-25-4.5 and I.C 6-1.1-25-4.6) reviewed by the Auditor's Office staff and/or Auditor's legal counsel prior to attending a court hearing to issue a tax deed.

10.     All buyers must attend all tax deed court hearings and must attend with legal counsel if required by Indiana law.

11.     Payment of tax sale bid amounts by the sale buyers must be made on the date of purchase and in the tax sale buyer's own name and not by other third parties. Failure to timely pay and/or payment made by a non-registered buyer will nullify the tax sale and subject the tax sale buyer to any and all other statutory penalties. An initial acceptance of a late payment by Lake County shall **NOT** serve as a **WAIVER** of the rights of the County to declare the payment late and unacceptable and the tax sale void. Receipts for tax sale payments will only be delivered to the buyer or buyer's legal counsel for signature.

12.     In order to be reimbursed for previously paid tax sale notification expenses, title search and attorney fees, all tax certificate Buyers must timely sign, print their name upon and file a State Form 137B with the Auditor Tax Sale Department upon which they swear and affirm that the Buyer has previously incurred and paid said listed expenses as of the date that the Form 137B is filed with the Auditor's office. A copy of the payment check or statement that it was paid in cash with copies of payment receipts from attorney and title company are also required. Swearing or affirming that such expenses

have been previously incurred and paid when in fact they have. not, constitutes fraud upon the tax sale process and subjects the sales immediate cancellation.

13.     All tax sale buyers acknowledge receipt of the Internal Revenue Service's (IRS) Federal Tax Lien Consent Form and agree to be bound by its terms and conditions, including but not limited to, federal tax lien noticing requirements. Further, all tax certificate purchases are subject to federal-tax liens even if the lien(s) is filed after the date of sale and less than 90 days prior to the expiration of the redemption period and therefore, subject to the Government's right of redemption.

14.     The mere purchase of a tax sale certificate does not convey any ownership rights to the parcel, unless or until, the purchaser has met all Indiana Code requirements (including proper notice provisions) and the Lake Circuit Court has ordered the issuance of a tax deed and the tax deed has been issued and recorded. Prior to that time, tax sale purchasers have no legal right to enter the tax sale parcel premises or contact/harass any occupant of said premises. Any such entry or contact may be considered Criminal Trespass and/or Harassment.

15.     All Court Orders to issue tax deed signed by the Judge will be null and void unless delivered to Lake County Auditor Tax Sale Department within 150 days from the court date that the Petition for Tax Deed was granted, together with Sales Disclosure Form, payment of deed recording fees and payment of remaining and/or subsequent taxes by cashier's check or money order and shall be issued in the name of the tax sale buyer.

16.     All Court Orders to issue tax deed must be prepared by the tax sale buyer or buyer's legal counsel and must contain the following language "that Petitioner shall file this Order to Issue Tax Deed with the Lake County Auditor Tax Sale Department within 150 days of the hearing date at which the tax deed petition was granted, together with the necessary Sales Disclosure Form, payment of tax deed recording fees and payment of subsequent or outstanding real property taxes. Petitioner's failure to perform any of the foregoing within 150 days from the subject hearing date shall make this Order to Issue Tax Deed null and void. The Court will not entertain nor approve Motions to Extend said filing deadline."

17.     No tax deed will issue from the Lake County Auditor until remaining taxes and/or subsequent taxes and tax deed recording fees are paid in full by the tax sale purchaser or a certificate gift grantee by way of cashier's check or money order issued in the name of the tax sale purchaser as remitter.

18.     Pursuant to Indiana Code 34-9-1-1, all sale bidders that are corporations, limited liability companies (LLC) or partnerships are required to be represented by licensed legal counsel in the preparation and issuance of the required tax sale notices (4.5 and 4.6) and said legal counsel must attend all Lake Circuit Court tax deed hearings on behalf of the bidder/buyer corporation and/or LLC. All such

business entities must also provide a current Indiana Secretary of State official Certificate of Existence/Authorization.

28.     In Indiana, a successful bidder at a Lake County Commissioners' Certificate Sale is entitled to a lien – a property interest – immediately upon payment of the bid.  Indiana Code 6-1.1-24-9(a) and (b) mandate that the Auditor shall deliver a certificate of sale to the [Plaintiff]. The certificate shall be signed by the auditor and registered in the auditor's office.

29.     Lake County Ordinance 1449B creates a constitutional conundrum, as the Lake County Auditor may, and does, "vet" or "review" bidder applications long after a bidder has bid, successfully won the auction, and paid consideration to the Lake County Auditor.  By failing to set forth appropriate deadlines to determine a bidder's qualification, Lake County Ordinance 1449B empowers the County, apparently by and through the Auditor and her appointed legal counsel, to "take" the property interest of a successful bidder like Plaintiff long after she has a vested property right – a tax sale certificate.

30.     If Lake County Ordinance 1449B is not reviewed or revised, and the bidder review process is not time-limited, Plaintiff believes that the Lake County Auditor and her appointed legal counsel will continue to harass, attempt to disqualify, and attempt to refund bid amounts, long after the bidder has incurred debts to "obtain a commercially-issued real estate title search on the parcel to properly identify anyone with a substantial property interest of public record in the parcel".

31.     Currently, Lake County does not reimburse such third-party costs if, in the sole opinion of the appointed Counsel to the Auditor of Lake County, that bidder is disqualified, even months after the Commissioners' Certificate Sale officially closes.

32.     The manner in which defendants have chosen to enforce Lake County Ordinance 1449B forces bidders to pay successful bid amounts, incur third-party expenses to ensure the issuance of a Tax Deed, only to learn that the Counsel to the Auditor has chosen to "disqualify"

the bidder, long after the Auditor has received the bid amounts, and after the bidder has incurred substantial expense to comply with State and Local law.

33.     Lake County Ordinance 1449B is vague and ambiguous as to the specific term(s) of "BIDDING ON BEHALF OF" or "AT THE DIRECTION OF" any other person or entity.  The terms are not defined, and the Ordinance empowers the Counsel to the Auditor to make "judgment calls" on when a bidder, like Plaintiff, may be bidding while married.

34.     In this instance, for example, the Counsel to the Auditor has attempted to disqualify Plaintiff from bidding at the 2023 Lake County Commissioners' Certificate Sale by letter dated May 24, 2023, almost two (2) weeks after Plaintiff successfully tendered Four Hundred and Twenty-six Thousand, Seven Hundred and 00/100 Dollars ($426,700.00) on May 13, 2023, to pay her successful bid.  The disqualification letter was received by Plaintiff on or about June 17, 2023, about five (5) weeks after the bidding closed, and more than a month after paying for her liens.

35.     A true and correct copy of the letter from Counsel to the Lake County Auditor is attached hereto and incorporated herein as Exhibit B.

36.     Allowing such an interpretation of Lake County Ordinance 1449B, to allow disqualification of a bidder long after the bidder has successfully "won" a parcel and paid for it, will encourage the Auditor of Lake County, and her appointed Counsel, to "vacate" any Lake County Commissioners' Certificate Sale, merely because the bidder is a) a woman, and b) married.

37.     In fact, allowing Counsel to the Auditor to retroactively "vacate" a bidder's qualification could permit the Auditor to "flag" Certificate Sale properties which may be more desirable to be retained by the County to be then sold to "preferred" others.  Such an interpretation empowers the Counsel to the Auditor to choose winners and losers at a government-sanctioned property auction.

38.    In other words, the Auditor and her appointed Counsel can "hoard" properties, by "vacating" a bidder's eligibility, even though the Lake County Commissioners have certified the property is available at a Commissioners' Certificate Sale.

39.    Allowing retroactive disqualification of a successful bidder will deprive Lake County of almost one-half of a million dollars in tax revenue on delinquent parcels; this will cause injury to Lake County, and it will discourage women from participating in future Lake County Commissioners' Certificate Sales, if the mere fact that she has a husband may be used to disqualify her bids.

40.    Lake County Ordinance 1449B, as applied, will impose a substantial and unwarranted burden on women's ability to obtain Tax Sale Certificates from Lake County.

41.    Lake County Ordinance 1449B, as applied, will cause irreparable harm to Plaintiff, as she is forced to incur costs which must be paid, even as the Counsel to the Auditor is attempting to "vacate" her successful bids.

42.    Lake County Ordinance 1449B, as applied, will cause plaintiff irreparable harm for which there is no adequate remedy at law.  Plaintiff will lose her property interest – the lien obtained upon payment of her bids – without due process of law, and at greater cost than the bid amount.

43.    At all times defendants have acted, and will act, under color of state law.

**Claims for relief**

**A.    Gender Discrimination**

44.    Lake County Ordinance 1449B, which fails to constrain the authority of the Lake County Auditor and her appointed Counsel to timely determine a bidder's qualification, and as applied to Plaintiff, imposes an undue burden on married women attempting to acquire tax-

delinquent parcels in Lake County, Indiana, and therefore violates the women's rights as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**B.     Equal Protection**

45.     Lake County Ordinance 1449B, as applied, treats partnerships, limited liability companies, and corporations differently than individual bidders.

46.     In the case of partnerships, limited liability companies and corporations, the "entity" is never treated as "bidding on behalf of" individual partners, members of a limited liability company, or shareholders of the corporate entity.

47.     Individual bidders are challenged as "bidding on behalf of" others.

48.     Lake County Ordinance 1449B, as applied, violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, by denying to individuals the same presumption enjoyed by Certificate Sale bidders and denying individual bidders equal protections under the law.

**C.     "Taking" of Property Interests without Due Process of Law**

49.     Indiana Code § 6-1.1-24-9(a) provides that "…(a) Immediately after a tax sale purchaser pays the bid, as evidenced by the receipt of the county treasurer," Defendant Lake County Auditor "***shall*** deliver a certificate of sale to the purchaser [Plaintiff]. The certificate shall be signed by the auditor and registered in the auditor's office." I.C. 6-1.1-24-9(a)(emph. added).

50.     Lake County Ordinance 1449B, which authorizes "vacating" bids after payment to the Auditor of Lake County, "takes" Plaintiff's property interest, the lien, without due process of law, and fails to establish a time limit upon the Auditor's vetting of bidders.

51.    As applied and enforced, Lake County Ordinance 1449B violates Plaintiff's property right to a lien upon two hundred and eighty-four (284) parcels of land, in violation of rights to property guaranteed by Article 1, Section 22 of the Indiana Constitution, the Fifth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**Prayer for relief**

WHEREFORE, plaintiff requests that this Court:

a.    Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.    Declare that the unlimited authority asserted from Lake County Ordinance 1449B to ban bidders *after* a successful bidder has paid compensation and acquired a statutory lien from a Commissioners' Certificate Sale violates the Indiana and the United States Constitution for the reasons noted above.

c.    Declare that Lake County Ordinance 1449B, as enforced, fails to provide equal protection under the law to individual bidders not part of a partnership, limited liability company or other corporate entity.

d.    Declare that Lake County Ordinance 1449B, as enforced, allows the Lake County Auditor to take a property interest – a statutory lien authorized by state law – without due process of law.

c.    Enter a preliminary injunction, later to be made permanent, enjoining the Lake County Auditor and her appointed Counsel from banning bidders after the close of the advertised Commissioners' Certificate Sale.

d.    Award plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.      Award all other proper relief against the enforcement of Lake County Ordinance

1449B.

Respectfully submitted,


/s/ Patrick B. McEuen
Patrick B. McEuen (#17441-45)
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
Phone (219) 762-7738
Fax (219) 762-7739
Patrick@McEuenlaw.com
Attorney for Plaintiff