UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARILYN WISNIEWSKI, | ) |
| Plaintiff, | ) |
| vs. | ) 2:23CV398-PPS/JPK |
| THE INDIVIDUAL MEMBERS OF THE LAKE COUNTY BOARD OF COMMISSIONERS, etc., et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Marilyn Wisniewski filed a complaint on November 16, 2023 challenging the constitutionality of a Lake County, Indiana ordinance governing the county's sales of real property subject to sale for tax delinquency. [DE 1.] Wisniewski alleges that at the Lake County Commissioner's 2023 tax sale on May 12, 2023, she was the successful bidder on 294 parcels of real estate, and though she paid the total bids of $426,200.00, Lake County has notified her that her purchase has been cancelled because she violated the ordinance's ban on straw bidders. Preliminary injunctive relief was among the remedies prayed for in the complaint. [*Id*. at 12.] No motion for preliminary injunction was filed at that time. Counsel subsequently entered an appearance for the Lake County defendants, and the parties jointly agreed to an extension of time to January 4 for the defendants to file a responsive pleading. [DE 4, 5, 7.]

On December 14, 2023, Wisniewski filed an amended complaint that added some factual allegations but did not materially alter the claims asserted, which are that the

ordinance discriminates on the basis of gender against married women, that it violates Equal Protection by treating individual bidders differently than business entities, and that it has been applied so as to deprive Wisniewski of a property interest without due process. [DE 8.] The next day, December 15, Wisniewski filed a motion for preliminary injunction, requesting an order "enjoining defendants from enforcing, or acting upon in any way, the cancellation of plaintiff's statutory tax sale certificates." [DE 9 at 3.] The preliminary injunction motion is predicated entirely on Wisniewski's due process "taking" theory. [*Id.* at ¶¶5, 7, 8.]

Wisniewski filed her 3-page Motion for Preliminary Injunction with no supporting memorandum, inviting me to set a briefing schedule as well as a hearing. [DE 9 at ¶12.] The court's local rules do not require a supporting brief for a preliminary injunction request, but provide that "the court may request" one. N.D. Ind. L.R. 65-1(a). In this instance, I will require briefing. After receiving and reviewing Wisniewski's supporting memorandum and an opposition from the County defendants, I will likely set a hearing. For now, I take the opportunity to outline a number of concerns that Wisniewski would do well to address in her brief.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), quoting 11A Wright, Miller & Kane, *Federal Practice and Procedure* §2948, pp. 129-130 (2d ed. 1995) (emphasis added). The requirements for obtaining a preliminary injunction are familiar. Wisniewski must

2

show that "(1) [she] will suffer irreparable harm in the absence of an injunction, (2) traditional legal remedies re inadequate to remedy the harm, and (3) [she has] some likelihood of success on the merits." *Camelot Banquet Rooms, Inc. v. United States Small Business Administration*, 24 F.4th 640, 644 (7th Cir. 2022). If Wisniewski can meet these requirements, "the court must then balance the harm the moving part[y] would suffer if an injunction is denied against the harm the opposing parties would suffer if one is granted, and the court must consider the public interest, which takes into account the effects of a decision on non-parties." *Id*.

Rather than seeking to stave off imminent harm, Wisniewski's motion for preliminary injunction appears to challenge an event that has already occurred. The June 12, 2023 email of defendant Randy Wyllie, counsel to the Lake County Auditor, attached to the amended complaint, advised Wisniewski that her tax sale purchase "has now been CANCELLED." [DE 8-1 at 2.] The preliminary injunction motion also underscores that "on June 12, 2023" the Lake County Auditor "unilaterally cancelled 294 tax sale certificates." [DE 9 at ¶1.] Although Wisniewski asserts that Lake County's communications to her in May were misdirected to the wrong email address, her amended complaint expressly acknowledges that on June 17, 2023, she received actual notice of the cancellation of her bids. [DE 8 at ¶16.] Six months have elapsed without Wisniewski seeking emergency injunctive relief.

Any urgency supporting extraordinary preliminary relief is apparently claimed on the basis of Wisniewski's scheduled appearances before Lake County Circuit Court

3

on January 11, 2024 to request the issuance of the tax sale certificates for properties she successfully bid on that have not been redeemed. [DE 9 at ¶6.] But this would-be emergency appears to be entirely self-imposed. Between December 1st and 6th, Wisniewski filed several hundred Verified Petitions for Issuance of a Tax Deed in Lake Circuit Court, on which she appears to have proposed the hearing date of January 11.[1]

The fact that Wisniewski has a court date in Lake County at which she will be heard on her claims of entitlement to the tax deeds suggests that she is as yet unable to meet two preliminary injunction requirements – first, a showing of the inevitability of the claimed harm in the absence of relief from this court, and second, that there exist no other legal remedies adequate to remedy the claimed harm. The availability of Wisniewski's Lake County petitions also suggests a potential difficulty making a showing of likelihood of success here on her due process claim. Even "an intentional, unauthorized deprivation of property does not violate the procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the plaintiff's loss is available." *Rodgers v. Genesis Behavioral Services – Crossroads*, 2023 WL 7272360, at *1 (7th Cir. Nov. 3, 2023), citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisniewski's pending tax deed petitions appear to be such a remedy. As to the inadequacy of other legal remedies, Wisniewski's claimed harm is the denial of the tax deeds for which she

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

bid (and paid) $426,200.00.  This harm seems entirely amenable to ordinary legal relief in the form of damages should she prevail on her challenge to Lake County's ordinance.

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976) "authorizes a federal court to abstain from exercising jurisdiction and stay a case to await the outcome of parallel state litigation when there is a substantial likelihood that the state case will resolve the federal claim." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 515 (7th Cir. 2021).  "Two suits are considered parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477-78 (7th Cir. 2020) (cleaned up).  Depending on the arguments Wisniewski makes in support of her state court petitions, *Colorado River* abstention may be applicable here because those state proceedings are parallel to this one.

Wisniewski's failure to submit a supporting brief with her motion for preliminary injunction has provided me with this opportunity to highlight a number of issues that she must address if she hopes to meet the high bar associated with the extraordinary and drastic remedy she seeks.  This catalogue is not intended to be comprehensive or exclusive.  Wisniewski must of course meet all the necessary showings that ordinarily apply to a request for a preliminary injunction.  I will set a deadline for her brief, and require the County defendants to file a response within seven days.

**ACCORDINGLY:**

Plaintiff Marilyn Wisniewski shall file a memorandum in support of her Motion for Preliminary Injunction no later than **December 27, 2023**. Defendants shall file a memorandum in response **within 7 days** after plaintiff's filing.

**SO ORDERED**.

ENTERED: December 18, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT