UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **MARILYN WISNIEWSKI** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23cv398 |
| | ) |
| THE INDIVIDUAL MEMBERS OF THE LAKE | ) |
| COUNTY BOARD OF COMMISSIONERS; et.al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF MARILYN WISNIEWSKI'S**
**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUNCTION**

COMES NOW the Plaintiff, MARILYN WISNIEWSKI, in person and by Counsel, PATRICK B. McEUEN, and for her memorandum of law in support of her motion for preliminary injunction, and in support thereof, shows the court as follows:

**I.      Introduction**

   **A.      Current Status of State Court Proceedings.**

At the outset, the Plaintiff advises the Court that a separate state court lawsuit is pending in which this Plaintiff seeks to compel the issuance of the 294 tax sale certificates which are the subject of this preliminary injunction proceeding. That case is pending under Cause No. 45C01-2209-TS-002. Pursuant to an agreement among counsel and the Lake Circuit Court, that action was "stayed" on December 12, 2023, with the Lake Circuit Court entering a formal Order to Stay the proceedings on Monday, December 18, 2023.

1

In addition, *after* the filing of Plaintiff's Motion for a Preliminary Injunction in this action on Friday, December 15, 2023, the Lake County Auditor issued and delivered to counsel for the Plaintiff the 294 tax sale certificates.  See, Exhibits in Support of Preliminary Injunction, Exhibit A, "Receipt of Original Tax Sale Certificates".

Plaintiff alleges that such delivery does not moot the need for the entry of a Preliminary Injunction, as the Auditor has provided no written or verbal assurance that the Auditor will not take action in furtherance of the failed Notice by asserting objections to the issuance of tax deeds on January 11, 2024.  If the Court seeks argument on the "mootness" issue, Plaintiff will supplement this Brief as ordered.

      **B.**      **Factual Background of the cancellation of a protectable property interest without actual notice.**

Attorney Randy Wyllie (hereinafter "Mr. Wyllie") failed to notify Plaintiff that on behalf of the Lake County Auditor he was investigating Marilyn Wisniewski's bids at the Lake County Commissioner's 2023 tax certificate sale, pursuant to Lake County Ordinance 1449B.  Mr. Wyllie, on behalf of his client, Auditor Katona, **misdirected** two (2) emails to Marilyn Wisniewski.  The first, dated May 24, 2023, included a letter directing Wisniewski to provide the following:

    a)    Proof of origin of the $425,715 in funds contained in the JP Morgan Chase Bank Account by and through monthly bank statements; and,

    b)    Proof that she personally made the online bids that occurred and not her husband.

The second negligently-sent email was from Mr. Wyllie, dated June 12, 2023, states that the Lake County Auditor "CANCELLED" Wisniewski's tax certificates.  See, Exhibits in Support of Preliminary Injunction, Exhibit  B, "Affidavit of Jessica Dec", ¶'s 25, 26 and 32; Exhibit C, "Affidavit of Marilyn Wisniewski", ¶'s 7-12, inclusive.

2

II.    **Legal Discussion**

    A.    **The preliminary injunction standard**

The standard in the Seventh Circuit for the granting of a preliminary injunction is clear. In order to determine whether a preliminary injunction should be granted, the Court weighs several factors:

(1)    whether the plaintiff has established a *prima facie* case, thus demonstrating at least a reasonable likelihood of success at trial;

(2)    whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue;

(3)    whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and

(4)    whether, by the grant of the preliminary injunction, the public interest would be disserved.

*See, e.g.*, Baja Contractors, Inc. v. City of Chicago, 830 F.2d 667, 675 (7th Cir. 1987). The heart of this test, however, is "a comparison of the likelihood, and the gravity of two types of error: erroneously granting a preliminary injunction, and erroneously denying it." Gen. Leaseways, Inc. v. Nat'l Truck Leasing Ass'n, 744 F.2d 588, 590 (7th Cir. 1984).

    B.    **The minimum due process to which Plaintiff is entitled**

It is axiomatic that the government cannot take administrative action against a protected property interest without due process of law. Forgue v. City of Chicago, 873 F.3d 962, 969 (7th

Cir. 2017); Goshen v. Cooper, 585 N.E.2d 719, 722 (Ind. Ct. App. 1992 ("We merely find, as did the trial court, that Cooper had a protected property interest in the rank of lieutenant which could not be deprived without according him due process of law.")  According to the Seventh Circuit, "property interests" are defined in the Constitution; rather, a "property interest" is created, "and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Forgue, *supra.*, 873 F.3d at 969, *citing*, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

"To have a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of it; instead, he must have a legitimate claim of entitlement to it." Turner v. City of Kokomo, 804 N.E.2d 272, 275 (Ind. Ct. App. 2004), *trans. denied*, (*citing*, Downtown Auto Parks, Inc. v. City of Milwaukee, 938 F.2d 705, 710 (7th Cir. 1991), *cert. denied*, 502 U.S. 1005, 116 L. Ed. 2d 657, 112 S. Ct. 640 (1991)). "Moreover, property interests are created and their dimensions are defined by existing rules or understandings that stem from independent sources such as state laws." Id.

Indiana Code section 6-1.1-24-9(a) provides that the Defendant Lake County Auditor "**shall** deliver a certificate of sale to the successful bidder [here, Plaintiff]. The certificate **shall** be signed by the auditor and registered in the auditor's office." (emph. added).  The mandatory nature of I.C. 6-1.1-24-9(a) creates an entitlement to the certificates that cannot be cancelled without notice and an opportunity to be heard.

      **C.     Prior to June 12, 2023, Marilyn Wisniewski possessed a protectable property in 294 tax sale certificates.**

In <u>Honeycutt v. Ong</u>, 806 N.E.2d 52, 58 (Ind. Ct. App. 2004), a panel of the Indiana Court of Appeals adopted the Seventh Circuit's definition of a "protectable property interest", quoting <u>Omosegbon v. Wells</u>, 335 F.3d 668, 674 (7th Cir. 2003), and states:

> To establish a protectable property interest, a plaintiff must be able to point to a substantive state-law predicate creating that interest.  The interest must be more than *de minimis*, which typically calls on the plaintiff to demonstrate some form of provable pecuniary harm.
>
> <u>Id.</u>, 806 N.E.2d at 58.

Plaintiff will provide to the Court, and produce testimony at a hearing, to establish both elements – a predicate property right created by statute – and provable pecuniary harm.  The evidence also establishes Plaintiff's entitlement to 294 tax certificates.

      **1.     State law defines the cancelled certificates as a "jumbo" lien on the parcels purchased by Plaintiff.**

In this instance, Plaintiff points to Indiana Code section 6-11-24-9(b) to create her protectable property interest, which code section provides:

> When a certificate of sale is issued under this section, the purchaser acquires a lien against the real property for the entire amount paid.  The lien of the purchaser is superior to all liens against the real property which exist at the time the certificate is issued.
>
> I.C. 6-11-24-9(b).

This real property lien, represented by the tax sale certificates unilaterally cancelled by the Auditor's attorney, is much more than *de minimus*, **by the very terms of the legislative enactment**.  Before Plaintiff's certificates were unilaterally cancelled on June 12, 2023, Plaintiff

5

owned "first position" on the title, a lien superior to mortgages, mechanic's liens, judgment liens, and other encumbrances on real estate. In addition, before her 294 certificates were unilaterally cancelled by the Auditor's attorney, Plaintiff could block the payment of delinquent property taxes by any of the 294 record title holders. With the current "cancellation" notice on all 294 parcels Plaintiff purchased, any of the owners can walk into the Lake County Administration Building and pay the delinquent taxes, depriving Plaintiff of her pecuniary interest in the penalty they WOULD pay, if they had to redeem the parcels from Plaintiff's certificate.

> 2. **Plaintiff will suffer pecuniary losses due to the cancellation of her tax certificates without notice and an opportunity to be heard.**

In addition to imperiling Plaintiff's pecuniary interest in the penalties these tax-delinquent property owners *should* pay to redeem – *but for the Auditor's counsel's unilateral cancellation* – Plaintiff has incurred costs to proceed as if she is the tax certificate holder. Rightfully, Plaintiff should have received her certificates by May 24, 2023, but that was the day the Auditor's attorney negligently misdirected an email asserting an investigation. By the time she received the hard copy on June 17, 2023, Plaintiff had invested in title commitments and put out notices to the 294 owners who would be afforded an opportunity to redeem, by paying the taxes plus Plaintiff's statutory premiums. *See*, Exhibits in Support of Preliminary Injunction, Exhibit C, "Affidavit of Marilyn Wisniewski", ¶ 12.

These cancelled tax certificates create a legally-protectable property interest, and the Auditor and her attorney are precluded from unilateral cancellation of the certificates without actual notice and meaningful opportunity to be heard.

### 3. Plaintiff has established an entitlement to her certificates.

In <u>Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC</u>, 79 N.E.3d 371, 382 (Ind. 2017), the Indiana Supreme Court reiterated that to establish a protectable property interest requiring notice and hearing to cancel, "… a person *clearly* must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."  <u>Id.</u>, *quoting*, <u>Commissioner of Indiana Bureau of Motor Vehicles v. Vawter</u>, 45 N.E.3d 1200, 1210 (2015)(*quoting* <u>Bd. Of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)).  Plaintiff's designated evidence establishes a clear claim of entitlement to the 294 cancelled tax certificates.

On Thursday, May 11, 2023, Plaintiff received email notification from the auctioneer, Don Guernsey, that she had successfully bid to obtain tax certificates on 294 parcels and needed to pay the Lake County Auditor $425,700.00.  *See*, <u>Exhibits in Support of Preliminary Injunction</u>, Exhibit C, "Affidavit of Marilyn Wisniewski", ¶ 5.  Attached to that email is a list of 294 parcels, the attachment is labelled **"Commissioner's Tax Certificate Sales Receipt"**.  *See*, Exhibit C to the <u>Affidavit of Marilyn Wisniewski</u>.  Wisniewski timely paid the amount due to the Auditor, thereby entitling her to the certificates.  *See*, <u>Exhibits in Support of Preliminary Injunction</u>, Exhibit C, "Affidavit of Marilyn Wisniewski", ¶ 6.

There is no doubt that as a matter of law, Plaintiff has a "legitimate claim of entitlement" to 294 tax sale certificates, and the same have been unilaterally cancelled without notice and a meaningful opportunity to be heard.

> **D.     Plaintiff has established a *prima facie* case of the cancellation of a property interest without notice and reasonable opportunity to be heard.**

In Indiana, as in other States, our Court's define the process due before cancellation of a protectable property interest as "the opportunity to be heard at a meaningful time and in a meaningful manner." Thermo-Cycler Indus. v. Ind. Dep't of State Revenue, 2017 Ind. Tax LEXIS 21, *11, *citing*, Clifft v. Indiana Dep't of State Revenue, 660 N.E.2d 310, 318 (Ind. 1995).  Here, the Lake County Auditor failed to provide actual notice of any objection until June 17, 2023, and by that time "the opportunity to be heard" had expired, and Plaintiff's 294 tax certificates – a protectable property interest to which she is entitled – had been unilaterally cancelled by the Auditor's attorney.  **The County cancelled 294 protected property interests without affording Plaintiff *any* opportunity to be heard.**  *See*, Exhibits in Support of Preliminary Injunction, Exhibit B, "Affidavit of Jessica Dec", ¶'s 25, 26 and 32; Exhibit C, "Affidavit of Marilyn Wisniewski", ¶ 11.

The affidavit of Jessica Dec establishes, as a matter of law, that the Auditor's attorney emailed marilynrodriguez@gmail.com, ***not*** marilynDrodriguez@gmail.com.  *See*, Exhibits in Support of Preliminary Injunction, Exhibit B, "Affidavit of Jessica Dec", ¶ 25.  Dec's affidavit further establishes that this misdirected email contained instructions on how Plaintiff "could be heard", and set a deadline of ten (10) days.  Id., ¶ 26.  Finally, Dec's affidavit establishes as a matter of law that the 294 certificates – ***protectable property interests to which Plaintiff was entitled*** – were unilaterally cancelled without notice:

> That as a result of receiving no response from Plaintiff Wisniewski regarding her questioned third party bid payment, on June 12, 2023, on behalf and at the direction of Auditor Katona, Attorney Wyllie advised Plaintiff Wisniewski that the Tax Sale Department had cancelled her bid payment and that original claim forms for a full refund were mailed to her personally by me. (See June 12, 2023 FYI email, attached as Exhibit "D").

8

Id., ¶ 32.

There is no question that the Lake County Auditor, through the negligence of her attorney, Randy Wyllie, unilaterally cancelled Plaintiff's 294 tax certificates without due process of law. This cannot stand, and the Court must enter a preliminary injunction precluding the Auditor from asserting any objection to the issuance of 294 tax deeds, unless such objection relates to Plaintiff's compliance with Indiana law *after* successfully obtaining tax sale certificates.  That is to say, if Plaintiff has failed in her notices to the delinquent owners, the Auditor should be enjoined from asserting any other objections in January 2024, when Plaintiff appears to petition the Lake Circuit Court for tax deeds to the parcels.  Those alleged objections identified in the May 24, 2023, email from Mr. Wyllie should be held for naught.

### III.     Conclusion

The Auditor violated Plaintiff's due process rights under the 14th Amendment, as well as her rights under the Indiana Constitution and common law.  Plaintiff has been denied a protectable property interest in 294 tax certificates without notice and meaningful opportunity to respond.  This Court must enjoin the Auditor's decision, and further enjoin the Auditor from asserting any objections to the issuance of tax sale deeds, unless such objection arises from Plaintiff's alleged failure to comply with Indiana statutory procedures for noticing the tax-delinquent property owners of the issuance of a tax sale certificate, and the corresponding right of redemption.

WHEREFORE, Plaintiff requests the Court enter a Preliminary Injunction Order enjoining the Auditor's decision to cancel 294 tax sale certificates and directing the Lake County Auditor to cease and desist from asserting objections to the issuance of plaintiff's tax deeds, unless the

objection asserts a failure to comply with Indiana law and requirements of a tax sale certificate holder, and for all other relief just and proper.

                                                Respectfully submitted,

                                                */s/ Patrick B. McEuen*
                                                Patrick B. McEuen (#17441-45)
                                                McEUEN LAW OFFICE
                                                6382 Central Avenue
                                                Portage, Indiana 46368
                                                Phone (219) 762-7738
                                                Fax (219) 762-7739
                                                Patrick@McEuenlaw.com
                                                One of the Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of December 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

        */s/ Patrick B. McEuen*