UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARILYN WISNIEWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:23CV398-PPS/JPK |
| | ) |
| THE INDIVIDUAL MEMBERS OF THE | ) |
| LAKE COUNTY BOARD OF | ) |
| COMMISSIONERS, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Marilyn Wisniewski filed a complaint on November 16, 2023 challenging the constitutionality of a Lake County, Indiana ordinance governing the county's sales of real property subject to sale for tax delinquency. [DE 1.] Wisniewski alleges that at the Lake County Commissioners 2023 tax sale on May 12, 2023, she was the successful bidder on 294 parcels of real estate, and though she paid the total bids of $426,200.00, Lake County notified her that her purchase was cancelled because she violated the ordinance's ban on straw bidders. On December 14, 2023, Wisniewski filed an amended complaint that added some factual allegations but did not materially alter the claims asserted, which are that the ordinance discriminates on the basis of gender against married women, that it violates Equal Protection by treating individual bidders differently than business entities, and that it has been applied so as to deprive Wisniewski of a property interest without due process. [DE 8.]

The next day, December 15, Wisniewski filed a motion for preliminary injunction, requesting an order "enjoining defendants from enforcing, or acting upon in any way, the cancellation of plaintiff's statutory tax sale certificates." [DE 9 at 3.] After full briefing of the motion, I heard argument from counsel at a January 10, 2024 hearing. [DE 16.] At the conclusion of that conference, I announced that Wisniewski's request for a preliminary injunction would be denied, with a written opinion to follow. [*Id.*] This is that opinion.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), quoting 11A Wright, Miller & Kane, *Federal Practice and Procedure* §2948, pp. 129-130 (2d ed. 1995). The requirements for obtaining a preliminary injunction are familiar. Wisniewski must show that "(1) [she] will suffer irreparable harm in the absence of an injunction, (2) traditional legal remedies re inadequate to remedy the harm, and (3) [she has] some likelihood of success on the merits." *Camelot Banquet Rooms, Inc. v. United States Small Business Administration*, 24 F.4th 640, 644 (7th Cir. 2022). If Wisniewski could meet these requirements, "the court must then balance the harm the moving part[y] would suffer if an injunction is denied against the harm the opposing parties would suffer if one is granted, and the court must consider the public interest, which takes into account the effects of a decision on non-parties." *Id*.

In May 2023, the Lake County Auditor's initial attempt to notify Wisniewski of doubts about her eligibility as a tax sale bidder went astray because of a typo in the email address to which it was sent. [DE 12 at 2, 6, 8; DE 13 at 3.] Wisniewski's counsel acknowledges that this appears to have been a genuine mistake and was not intended to deprive Wisniewski of the notice and the associated deadline for her response. [DE 12 at 6, 8.] In June 2023, when no response was received, the Auditor issued a cancellation of Wisniewski's bids. [DE 12 at 2; DE 13 at 4.] Having learned what occurred, on June 30, 2023 Wisniewski filed an emergency motion in Lake County Circuit Court seeking issuance of the tax sale certificates. [DE 13 at 4.]  On December 15, 2023, the Auditor issued the 294 tax sale certificates to Wisniewski. [DE 14 at 2.] A hearing on the 294 petitions for the issuance of tax deeds is scheduled for January 11, 2024 in state court. [DE 13 at 6; DE 14 at 2, 6.]

The preliminary injunction motion was predicated entirely on Wisniewski's due process "taking" theory based on the prior cancellation of the tax certificates in the absence of notice and a meaningful opportunity to be heard. [*Id.* at ¶¶5, 7, 8.] No proposed preliminary injunction has been submitted, but the motion itself describes the relief requested in terms of the cancellation of plaintiff's statutory tax sale certificates. [DE 9 at 3.] As Wisniewski acknowledges, she has now received the tax certificates: "With the Auditor's delivery of the tax certificates, the Tax Sale proceedings are concluded.  Plaintiff obtained all the relief she requested on December 15, 2023, when the Auditor delivered the tax sale certificates." [DE 14 at 2.]

3

Although Wisniewski speaks of "enjoining the Auditor's decision to cancel 294 tax sale certificates," that cancellation has itself apparently been cancelled, since the certificates have been delivered to her. Wisniewski's January 5, 2024 filing announces that: "The State Tax proceedings are effectively complete. Plaintiff wanted an Order compelling the issuance of her tax certificates. Done." [DE 14 at 5.] That leaves this court to "consider the constitutionality of the Ordinance." [*Id*.] I agree that Wisniewski's challenges to the Lake County ordinance are not moot, but the preliminary injunctive relief she requested in her motion is.

Rather than acknowledge that status, however, Wisniewski pivots. Now she talks in terms of enjoining the Lake County Auditor from asserting objections to the issuance of tax deeds to her, unless the Auditor's objections relate to the state statutory procedures for noticing the tax-delinquent property owners as to their right of redemption. [DE 14 at 7.] Attempting to shift the target so as to obtain expedited consideration of arguments that were not the initial basis of the preliminary injunction motion will not be permitted.[1] More substantively, Wisniewski fails to offer any argument (much less persuasive argument) that barring the Auditor from asserting certain objections is an appropriate remedy for the alleged procedural due process violation. This is particularly so when Wisniewski has by now received notice of the

---

[1] Nor am I persuaded to take up issues of *Colorado River* abstention in the present context. If Lake County believes that the pendency of related state court litigation warrants action by this court, the defendants should file an appropriate motion squarely presenting the argument.

4

Auditor's objections and will have an opportunity to be heard in opposition before the court in Lake County on her petitions for issuance of tax deeds for each of the 294 properties.  For these reasons, I am not persuaded that Wisniewski has demonstrated any likelihood of success on the due process claim that was the basis for her preliminary injunction motion.

A second reason for denying Wisniewski's motion is that she fails to demonstrate that she will suffer irreparable harm in the absence of the injunction she seeks or that traditional legal remedies cannot provide adequate relief for her claimed injury. Construing the motion as seeking issuance of the tax certificates, which she has already received, I cannot find a showing of any relevant harm. Even taking a broader view, Wisniewski fails to persuasively explain why money damages could not provide an effective remedy if she is ultimately denied the tax deeds and if she is able to show that the denial was wrongful.

I do not take up abstention issues here because the question before me is preliminary injunctive relief, which there are ample reasons to deny based on the familiar requirements, which Wisniewski does not meet.  Nonetheless, as I remarked during argument on the motion, the prospect of a federal judge asserting himself into ongoing state court litigation on a matter involving county real estate taxation requires at least extreme caution, particularly where the state court appears to have an imminent opportunity to assess the same arguments as the plaintiff makes in her federal complaint.  If the Lake County defendants wish to pursue either a stay or dismissal of

this action on grounds of abstention, they are free to file an appropriate motion putting the issue squarely before me, on which they will bear the burden of demonstrating that abstention is appropriate.

**ACCORDINGLY:**

Plaintiff Marilyn Wisniewski's Motion for Preliminary Injunction [DE 9] is DENIED.

**SO ORDERED**.

ENTERED:  January 16, 2024.

>  /s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT